IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVIA YANIRA TORRES<br>2305 Tuemmler Ave<br>Hyattsville, Maryland 20785<br><br>and<br><br>MARIA LARA MARQUEZ<br>1446 Kanawha St<br>Hyattsville, Maryland 20783<br><br>*On Behalf of Themselves and*<br>*All Others Similarly Situated*<br><br>PLAINTIFFS,<br><br>v.<br><br>CAPITOL STAFFING SOLUTIONS, INC.,<br>13433 Green Acre Drive<br>Woodbridge, VA 22191<br><br>  SERVE:  Calixto Baca Flores<br>           13433 Green Acre Drive<br>           Woodbridge, VA 22191<br><br>DEFENDANT. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____ |

## COMPLAINT

Plaintiffs Silvia Torres ("Ms. Torres") and Maria Marquez ("Ms. Marquez") (together, "Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all others similarly situated, hereby complain against Capitol Staffing Solutions Inc., ("Defendant") to recover unpaid wages and other damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

## PARTIES AND JURISDICTION

1. Ms. Torres and Ms. Marquez are adult residents of the State of Maryland.

2. Defendant is a corporation formed under the laws of Virginia with its principal place of business in Woodbridge, Virginia. Defendant is in the business of supplying staff to fill hotel housekeeping positions in Washington D.C. and the surrounding metropolitan area.

3. At all times during Plaintiffs' employment with Defendant, Defendant was Plaintiffs' "employer" for purposes of the FLSA and DCWPA.

4. During Plaintiffs' employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiffs, and all other similarly situated individuals, were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6. Plaintiffs are both former employees of Defendant. At all times while employed by Defendant, Plaintiffs' primary job duty was to provide cleaning services for Defendant at The DuPont Circle Hotel in Washington, D.C.

7. Plaintiffs' approximate dates of employment with Defendant are as follows:

Ms. Torres:         September 2010 – January 31, 2011;

Ms. Marquez:       August 2010 – January 31, 2011;

8. Throughout Plaintiffs' employment with Defendant, Defendant paid Plaintiffs at the regular hourly rate of $8.50 an hour for all hours worked.

9. Plaintiffs have worked overtime in excess of forty (40) hours per week for the great majority of the weeks Plaintiffs have been employed by Defendant. At no time did Defendant ever pay Plaintiffs at the rate of one-and-one-half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).

10. At no time did Plaintiffs perform work that would make them exempt from the FLSA overtime pay requirement.

11. At all times while employed by Defendant, Plaintiffs were employees of Defendant and were never independent contractors.

12. On many occasions, Defendant failed to pay Plaintiffs their wages for work duties performed. On many occasions, Defendant issued checks to Plaintiffs that subsequently "bounced" for insufficient funds, thereby denying Plaintiffs wages.

**PUTATIVE PLAINTIFFS**

13. Plaintiffs are aware of other current and former employees of Defendant who are similarly situated in that they: (1) were, or are currently, employees of Defendant; (2) were not, or are not currently, paid as prescribed by law by Defendant for overtime hours worked; and (3) have not joined this suit because they fear that if they join this action, Defendant will retaliate against them or they may loose their employment with Defendant.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

14. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-13 above, as if each were set forth herein.

15. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

16. Plaintiffs, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant herein was Plaintiffs', and all others similarly situated, "employer" under § 207(a)(2). Defendant, as Plaintiffs' employer, was obligated to compensate Plaintiffs for overtime hours worked at the FLSA overtime rate.

17. Plaintiffs, and others similarly situated, worked overtime in excess of forty (40) hours per week on a regular basis. Defendant, however, failed and refused to pay Plaintiffs, and others similarly situated, as required by the FLSA for overtime hours worked each week. Plaintiffs, and all other similarly situated, are entitled to, and are owed, overtime pay at the rate of one and one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) in each work week.

18. Defendant's failure and refusal to pay Plaintiffs and others similarly situated overtime compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be

proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

19. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-18 above, as if each were set forth herein.

20. Plaintiffs were "employees," and Defendant was Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendant, as Plaintiffs' employer, were obligated to pay Plaintiffs overtime wages for work performed beyond forty (40) hours in each given workweek.

21. Plaintiffs worked over forty (40) hours per week on a regular basis. For these weeks, however, Defendant failed and refused to pay Plaintiffs overtime wages at the rate of one-and-one-half (1½) times their regular rate of pay for each hour worked in excess of forty (40) per week. As a result, Defendant owe Plaintiffs overtime pay at the rate of one-and-one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) each work week while employed by Defendant.

22. Defendant's failure and refusal to pay Plaintiffs overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant liable to Plaintiffs (and all others similarly situated who have joined in this suit), under Count II for all unpaid overtime wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

23. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-22 above, as if each were set forth herein.

24. Plaintiffs were "employees," and Defendant was Plaintiffs' "employer" within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq.* Under the DCWPA, Defendant as Plaintiffs' employer was obligated to pay Plaintiffs all wages owed and earned and due for work performed.

25. Over the course of Plaintiffs' employment, Defendant failed to pay Plaintiffs all wages earned for work performed. Additionally, over the course of Plaintiffs' employment, Defendant on many occasions provided Plaintiffs with checks that bounced, thereby denying Plaintiffs wages.

26. As a result of Defendant's failure to pay wages to Plaintiffs as set forth above, Defendant now owes Plaintiffs wages due and promised for worked performed as required by the DCWPA.

27. Defendant's failure to pay all wages owed for work performed to Plaintiffs was willful and intentional, was not the result of any *bona fide* dispute, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*